1  MITCHELL SILBERBERG & KNUPP LLP
   BRADLEY J. MULLINS (SBN 274219)
2    bym@msk.com
   2049 Century Park East, 18th Floor
3  Los Angeles, CA  90067-3120
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  Attorneys for Defendant
   LULU'S FASHION LOUNGE, LLC
6

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  MIGUEL ESPARZA, individually and on behalf of all others similarly situated, | Case No.: 2:23-cv-8083 |
| 12 | **LULU'S FASHION LOUNGE, LLC'S NOTICE OF REMOVAL** |
| 13        Plaintiffs, | |
| 14        v. | (Federal Question Jurisdiction 28 U.S.C. §§ 1331, 1441, 1446, and 1453) |
| 15  LULU'S FASHION LOUNGE, LLC, a Delaware entity d/b/a LULUS.COM, | (Removed from LASC Case No. 23STCV19903) |
| 16        Defendant. | |
| 17 | [Declaration of Naomi Beckman-Straus; Certificate of Interested Parties and Corporate Disclosure Statement pursuant to FRCP 7.1 and Local Rule 7.1-1; and Civil Cover Sheet filed concurrently herewith] |
| 18 | |
| 19 | |
| 20 | File Date: September 27, 2023 Trial Date: None Set |
| 21 | |

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

15813237.3

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF MIGUEL ESPARZA AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on this date, based on the allegations of Plaintiff Miguel Esparza's Complaint, Defendant Lulu's Fashion Lounge, LLC hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§1331, 1441, 1446, and 1453. Defendant's removal of this action is proper for the reasons set forth below:

**I.      The State Court Action**

1.      On or about August 21, 2023, Plaintiff filed a Class Complaint in the Superior Court of the State of California for the County of Los Angeles, titled, *Miguel Esparza, individually and on behalf of all persons similarly situated v. Lulu's Fashion Lounge, LLC, a Delaware entity d/b/a LULUS.com*, Case No. 23STCV19903, (the "State Court Action").

2.      Plaintiff's Complaint alleges the following causes of action against Defendant: (1) Violations of the California Invasion of Privacy Act, California Penal Code § 631(a); (2) Violations of the California Invasion of Privacy Act, California Penal Code § 632.7; (3) California Unauthorized Access to Computer Data Act, California Penal Code § 502; and (4) California Invasion of Privacy.

3.      Copies of all Process, Pleadings and Orders:  Pursuant to 28 U.S.C. Section 1446(a), copies of all process, pleadings, order, and other papers or exhibits of every kind served upon and/or available to Defendant are attached to this Notice of Removal, as follows:

- Exhibit A:
  - Summons filed by Plaintiff on August 21, 2023, which was served on Defendant on August 28, 2023.

Mitchell
Silberberg &
Knupp LLP

15813237.3

- Exhibit B:
  - Complaint filed by Plaintiff on August 21, 2023, which was served on Defendant on August 28, 2023.
- Exhibit C:
  - Civil Case Cover Sheet filed by Plaintiff on August 21, 2023, which served on Defendant on August 28, 2023, and
  - Notice of Case Assignment – Unlimited Civil Case, filed on September 5, 2023.
- Exhibit D:
  - Court Minute Order re Newly Filed Case, filed on September 5, 2023,
  - Initial Status Conference Order, filed on September 5, 2023. (The Case No. for the docketed Initial Status Conference Order is the case number assigned to the state court action relevant to this Notice of Removal. The caption, however, is incorrect.),
  - Certificate of Mailing re Newly Filed Case and Initial Status Conference Order, filed on September 5, 2023,
  - Joint Stipulation to Continue to Extend Time for Defendant to Respond to Complaint, filed on September 6, 2023, and
  - Order Granting Joint Stipulation to Extend Time to Respond to Complaint, filed on September 7, 2023.

4.    <u>The Notice of Removal is Timely</u>.  This Notice of Removal is timely filed because it is filed less than one year from the date this action was commenced (August 21, 2023) and within 30 days of the service upon Defendant (August 28, 2023).  28 U.S.C. §§ 1446(b)-(c); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *Harper v. Little Caesar Enterprises, Inc.*, Case No. 18-01564, 2018 WL 5984841, at *2 (C.D. Cal. Nov. 14, 2018).

## II.    Federal Jurisdiction under the Class Action Fairness Act ("CAFA")

5.     This action is removable pursuant to CAFA (*see* 28 U.S.C. §§ 1441 and 1453), because the number of potential class members exceeds 100, at least one party in the potential class is a citizen of different states, and the amount in controversy exceeds the aggregate value of $5,000,000.  *See* 28 U.S.C. §§ 1332(d)(2) and (d)(6).

### A.    Class Size Exceeds 100 Members

6.     CAFA's first requirement, that the proposed class contain at least 100 members, 28 U.S.C. § 1332(d)(11)(B)(i), is satisfied.

7.     Plaintiff defines the proposed Class as "[a]ll persons within the United States who within the statute of limitations period: (1) visited Defendant's website; and (2) were exposed to the wrongful conduct described [in Complaint paragraphs 6 through 39]."  Compl., ¶ 40.

8.     Plaintiff alleges upon belief, "the number of Class members" is in "the tens of thousands."  Compl. ¶ 41. Moreover, there are at least 100 users of Defendant's website who used the website's chat feature, which is the conduct underlying Plaintiff's alleged claims.  Declaration of Naomi Beckman-Straus ("Beckman-Straus Declaration"), ¶ 3.

### B.    Minimal Diversity of Citizenship Exists

9.     CAFA's second requirement, that any one member of the proposed class be a citizen of a state different from any defendant, 28 U.S.C. § 1332(d)(2), is satisfied.

10.     Defendant is a citizen of California and Delaware.  "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(c).  Defendant is a Delaware company, with its principal place of business in California.  *See* Beckman-Straus Decl., ¶ 2.

Mitchell
Silberberg &
Knupp LLP

15813237.3

4

LULU'S FASHION LOUNGE, LLC'S NOTICE OF REMOVAL
OF CIVIL ACTION TO FEDERAL COURT

11.    The citizenship of at least one member of the putative class is outside California.  For diversity purposes, an individual is a citizen of the state in which the individual is domiciled.  *Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020).  "One's domicile is her 'permanent home'—that is, where (i) she resides, (ii) with the intention to remain or to which she intends to return."  *Id.* (internal quotation marks and citations omitted).  Defendant alleges, based on information and belief, that out of the thousands of individuals included in the purported Class (all persons within the United States that visited Defendant's website and were exposed to the purported wrongful conduct alleged in the Complaint), at least one member of the proposed Class was domiciled outside of the states of California and Delaware at the time of the filing of the Complaint.

12.    Diversity of citizenship therefore exists between at least one proposed class member and the Defendant, satisfying the minimal diversity of citizenship requirements under 28 U.S.C. § 1332(d)(2).

**C.    The Amount In Controversy Exceeds an Aggregate of $5,000,000**

13.    CAFA's third requirement, that the aggregate amount in controversy exceed $5 million exclusive of interests and costs, 28 U.S.C. § 1332(d)(2), is satisfied.

14.    Defendants seeking removal of a putative class action pursuant to CAFA "need include only a plausible allegation [in its notice] that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  This tracks the general pleading requirement of Rule 8(a) of the Federal Rules of Civil Procedure.  *Id.*  "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."  *Id.*  Further, the Ninth Circuit has also held that "CAFA's [amount-in-controversy] requirements are to be tested by consideration of [1] real evidence and [2] the reality of what is at stake in the

Mitchell
Silberberg &
Knupp LLP

15813237.3

**LULU'S FASHION LOUNGE, LLC'S NOTICE OF REMOVAL
OF CIVIL ACTION TO FEDERAL COURT**

litigation, using [3] reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015). Accordingly, district courts may make reasonable assumptions, based on evidence and context, when evaluating a removal premised on CAFA jurisdiction. Moreover, the "amount in controversy alleged by the proponent of federal jurisdiction … controls so long as the claim is made in good faith." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka* (9th Cir. 2010) 599 F.3d 1102, 1106.

15.    Although Defendant disputes all allegations in the Complaint and all liability and damages, Plaintiff's allegations and prayer for relief, irrespective of their merits, place in controversy an amount greater than $5 million.

16.    Plaintiff purports to sue on behalf of a Class that includes "[a]ll persons within the United States who within the statute of limitations period: (1) visited Defendant's website; and (2) were exposed to the wrongful conduct described [in Complaint paragraphs 6 through 39]." Compl., ¶ 40. This class includes thousands of users of Defendant's website, which, on information and belief, is over 3,000 users within the one- to three-year statute of limitations period for each alleged cause of action. *See* Beckman-Straus Decl. ¶ 3.

17.    Plaintiff asserts the following privacy causes of action, each on behalf of himself and the proposed class: (1) wiretapping (First Cause of Action), (2) intercepting phone communications without consent (Second Cause of Action), (3) knowingly accessing, obtaining, and using computer data without permission (Third Cause of Action), and (4) secretly accessing class member devices and sharing personal information collected from those devices with spyware companies (Fourth Cause of Action). Compl., ¶¶ 46-74.

18.    The amount of damages for each violation per class member is considerable. For the First and Second Causes of Action, statutory damages are up

Mitchell
Silberberg &
Knupp LLP

15813237.3

6

**LULU'S FASHION LOUNGE, LLC'S NOTICE OF REMOVAL
OF CIVIL ACTION TO FEDERAL COURT**

1   to $5,000 per violation.  *See* Cal. Penal Code § 637.2.  Accordingly, the total

2   damages exposure for Defendant on just the first two Causes of Action could be

3   $5,000 per violation.

4   19.    Even a conservative calculation of the minimal amount placed in

5   controversy by Plaintiff's claims based on a class of well over 1,000 members is in

6   excess of the $5,000,000 CAFA threshold. For example, Plaintiff alleges that

7   Defendant caused the illegal wiretapping of communications between users of a chat

8   feature on Defendant's website and Defendant.  Compl., ¶¶ 22, 25, 28, 35.  Pursuant

9   to § 631(a) of the California Penal Code, Plaintiff seeks to recover, on behalf of

10  himself and the California Class, "statutory damages," Compl., ¶ 53, which could

11  amount to $5,000 per violation.  *See* Cal. Penal Code § 637.2

12  20.    Defendant has determined that in excess 1,000 people have used the

13  chat function on Defendant's website within the year before filing suit alone. *See*

14  Beckman-Straus Decl. ¶ 3. Therefore, the wiretapping claim, alone, would result in

15  an amount in controversy in excess of $5,000,000 ($5,000 penalty x 1,000 chat

16  feature users).

17  21.    Given the number of the minimum proposed class members, the

18  number of different claims (each with their own penalty structure), the applicable

19  statutory periods, and the allegation of a pattern and practice of wrongdoing, the

20  amount in controversy clearly exceeds $5,000,000.[1]

21  **III.    Venue**

22  1.    Removal to this Court is proper under 28 U.S.C. Section 1441 because

23  the Complaint was filed in the Superior Court of the State of California for the

24  County of Los Angeles and this U.S. District Court for the Central District of

[1] To reiterate, all assumptions and statements in this Notice respecting Plaintiff's claims are for purposes of calculating the amount in controversy only.  Defendant denies that, by any acts or omissions, it has violated any law, including but not limited to the California statutes mentioned in the Complaint.  Defendant also denies that damages are owed.

Mitchell Silberberg & Knupp LLP
15813237.3

1  California is the U.S. District Court for the district within which this action is

2  pending.

3       2.      A copy of this Notice of Removal will be filed with the Superior Court

4  of the State of California for the County of Los Angeles and served upon all adverse

5  parties as required by 28 U.S.C. Section 1446(d), and an appropriate notice of

6  compliance with 28 U.S.C. Section 1446(d) also shall be served and filed in the

7  above-entitled Court.

8       WHEREFORE, Defendant respectfully requests that this action be removed

9  from the Superior Court of the State of California for the County of Los Angeles, to

10 the above-entitled Court.

11

12 DATED: September 27, 2023          MITCHELL SILBERBERG & KNUPP LLP

13                                    By: /s/ Bradley J. Mullins
14                                        Bradley J. Mullins
                                          Attorneys for Defendant
15                                        Lulu's Fashion Lounge, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

8

**LULU'S FASHION LOUNGE, LLC'S NOTICE OF REMOVAL
OF CIVIL ACTION TO FEDERAL COURT**